# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|                                 |                                                                                                         |
|---------------------------------|---------------------------------------------------------------------------------------------------------|
| MARIA HALL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 16-cv-02395-BAS-RBB<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[ECF No. 4]** |

Plaintiff Maria Hall commenced this lawsuit against Defendant United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).[1] Plaintiff alleges that Navy commissary personnel employed by the Government negligently shelved jars of coconut oil at the Commissary at Marine Corps Air Station Miramar

---

[1] Although the caption of Plaintiff's Complaint identifies "Ray Mabus, Secretary, Department of the Navy" as the defendant, the body of the Complaint identifies the defendant as the United States. (*See* Compl. ¶¶ 1, 5, 7.) The Ninth Circuit has held "that even if an improper defendant is indicated in the caption, [the court] may consider a complaint to have named the proper defendant 'if the allegations made in the body of the complaint make it plain that the party is intended as a defendant.'" *Barsten v. Dep't of Interior*, 896 F.2d 422, 423 (9th Cir. 1991) (quoting *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)). The allegations in the body of Plaintiff's Complaint make it clear that the United States is the intended defendant. Therefore, the Court will consider the Complaint to have named the United States as the proper defendant under the FTCA. *See id.*

("Miramar Commissary"), causing Plaintiff to sustain a head injury while shopping. (Compl. ¶ 1, ECF No. 1.)

Presently before the Court is the Government's motion to dismiss Plaintiff's action for lack of subject matter jurisdiction. (ECF No. 4.) The Government argues that dismissal is proper because the FTCA's independent contractor exception provides the Government has not waived its sovereign immunity for Plaintiff's action. (*Id.*) Plaintiff opposes. (ECF No. 7.)

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the reasons that follow, the Court denies the Government's motion to dismiss for lack of subject matter jurisdiction.

I.  BACKGROUND

A.  Plaintiff's Claim

Plaintiff Maria Hall is a resident of California and a civilian spouse of a retired veteran. (Compl. ¶ 8.) On September 22, 2014, while grocery shopping in the Miramar Commissary, Plaintiff attempted to procure a glass jar of solid coconut oil from the top of a shelf. (*Id.*) Plaintiff alleges the jars of coconut oil were stacked three high. (*Id.*; *see also* Redcrow Decl. Ex. 1.) When Plaintiff tried to secure the topmost jar, a falling jar of coconut oil struck Plaintiff in the eye. (Compl. ¶¶ 8–9.) Balboa Naval Hospital diagnosed Plaintiff with hematoma to the right eye, post-concussion syndrome, cervical spasm, and headache. (*Id.* ¶¶ 10–11.) Plaintiff claims that her pain remains a problem, though physical therapy and pain management care have provided her some relief. (*Id.* ¶¶ 10, 12, 15.) Further, she allegedly has been unable to return to her full employment as a hairdresser following the injury. (*Id.* ¶¶ 13–14.)

On August 25, 2015, Plaintiff filed a claim for her injuries and wage losses with the Department of the Navy and provided supporting medical documentation of her injuries and treatment. (Compl. ¶ 21.) In a letter dated March 24, 2016, the Navy

rejected Plaintiff's claim for injuries pursuant to the FTCA and instructed her to file her claim in federal district court. (*Id.* ¶ 22.)

Plaintiff filed this suit on September 23, 2016, pursuant to the FTCA, alleging that "Commissary personnel employed by the [Government] were negligent in performance of their duties," specifically in "stack[ing] the glass jars of solidified coconut oil three high, one atop another, on the uppermost shelf of the grocery aisle." (Compl. ¶ 17.) Plaintiff asserts the alleged negligence caused her to sustain injuries when "she attempted to secure the top-most jar . . . above her head." (*Id.*)

### B. Commissary Staffing Procedure

The Government and Plaintiff provide declarations and evidence regarding the staffing procedure and employee duties at the Miramar Commissary. The Defense Commissary Agency ("DeCA") is responsible for operating commissaries on military bases, including the Miramar Commissary. (Prince Decl. ¶¶ 1, 5, ECF No. 7.) DeCA contracts with independent contractors to run daily operations at the commissaries, "including shelf stocking, custodial and Receiving/Storage/Holding Area . . . services for commissaries." (*Id.* ¶¶ 1, 6.)

On March 26, 2014, DeCA awarded Job Options, Inc., a contractor, contract number HDEC08-14-C-0016 to staff and operate the Miramar Commissary ("Commissary Contract"). (Prince Decl. ¶¶ 7–8, Ex. A.) The Commissary Contract allocates supervision and control of Job Options's employees to Job Options. (Commissary Contract § 52.237-4501(b–c).)

Further, on September 11, 2014, the parties attached the Performance Work Statement for Shelf Stocking, Receiving/Storage/Holding Area and Custodial Operations at the Miramar Commissary ("PWS") to the Commissary Contract. (*See* PWS, Redcrow Decl. Ex. 2, ECF No. 7-3.) In part, the PWS specifies Job Options's responsibilities related to shelf stocking (*id.* § 1.1.1), and allocates responsibility for

shelving items such as glass jars of coconut oil to Job Options, (*see id.* §§ 4.3–4.3.3.15.3; *see also* Prince Decl. ¶ 13, Ex. E).

The PWS also elaborates on the Commissary Contract's definition of the relationship between the Government and Job Options, stating: "The Government will employ Quality Assurance Evaluators ("QAE") to surveil and document Contractor performance." (PWS § 1.1.2.) In addition, the PWS contemplates the presence of a Store Director—an "onsite supervisor . . . responsible for overall commissary operations"—who "act[s] as an authorized representative of the Government." (*Id.*)

## II. LEGAL STANDARD

Under Rule 12 of the Federal Rules of Civil Procedure, a party may move to dismiss a claim based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

A challenge to subject matter jurisdiction under Rule 12(b)(1) can be either facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Here, the court limits its review to the allegations in the complaint. *Id.*

In a factual attack, however, the challenger provides evidence that an alleged fact in the complaint is false, thereby resulting in a lack of subject matter jurisdiction.

*See Meyer*, 373 F.3d at 1039. Therefore, in a factual attack, the allegations in the complaint are not presumed to be true, and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "In response to a factual attack, [the non-moving party] must present 'affidavits or any other evidence necessary to satisfy [its] burden of establishing that the court, in fact, possesses subject matter jurisdiction.'" *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016) (quoting *Colwell v. Dep't of Health & Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009)). However, "because jurisdictional fact-finding by the court deprives litigants of the protections otherwise afforded by Rule 56," the court's ability to dismiss claims based on a lack of subject matter jurisdiction is limited. *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983). Accordingly, "[j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional[.]" *Id.* at 140.

## III. DISCUSSION

### A. The Government's Sovereign Immunity Is Abrogated If the Government Exercised Substantial Control and Supervision over Job Options's Employees' Daily Operations.

The Government makes a factual attack on the existence of subject matter jurisdiction and requests that the Court dismiss Plaintiff's claim. Specifically, the Government argues that it retains sovereign immunity under the FTCA's independent contractor exception and therefore cannot be held liable for Job Options's employees' allegedly negligent conduct.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Tobar v. United States*, 639 F.3d 1191,

1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Accordingly, "[t]he waiver of sovereign immunity is a prerequisite to federal-court jurisdiction." *Id.*

The FTCA is a limited waiver of the Government's sovereign immunity. 28 U.S.C. § 1346(b). The FTCA allows the United States to be sued in federal district court for certain "negligent or wrongful act[s] or omission[s]" perpetrated by "any employee of the Government while acting within the scope of his or her employment . . . in accordance with the law of the place where the act or omission occurred." *Id.* The FTCA "defines Government employees to include officers and employees of 'any federal agency' but excludes 'any contractor with the United States.'" *United States v. Orleans*, 425 U.S. 807, 813–14 (1971) (quoting 28 U.S.C. § 2671). Accordingly, "[t]he FTCA provides that the government cannot be held vicariously liable for the negligence of an employee of an independent contractor." *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995) (citing 28 U.S.C. § 2671; *Logue v. United States*, 412 U.S. 521 (1973)). "Courts are not free 'to abrogate the [independent contractor] exemption' for the negligent acts of contractors regardless of whether there is a good reason for so doing." *Autery v. United States*, 424 F.3d 944, 957 (9th Cir. 2005) (alteration in the original) (quoting *Hines v. United States*, 60 F.3d 1442, 1447 (9th Cir. 1995)).

Thus, the Government may only be sued for the actions of its contractor "if the contractor [wa]s acting as an agent of the government, i.e. 'if the government ha[d] the authority "to control the detailed physical performance of the contractor" and supervise its "day-to-day operations." ' " *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 858 (9th Cir. 2011) (quoting *Letnes v. United States*, 820 F.2d 1517, 1518 (9th Cir. 1987)). In this circuit, the Government's mere ability to control is not determinative; rather, it is the Government's degree of actual control over the contractor that determines whether the Government may be held liable for the contractor's negligence under the FTCA. *See Fekrat v. United States*, No. CV 13-00594 MMM

– 6 –

16cv2395

(PJWx), 2013 WL 12130585, at *4 n.39 (C.D. Cal. Aug. 6, 2013) (summarizing Ninth Circuit case law requiring the Government to exercise actual control over contractors to be liable under the FTCA, rather than solely retaining the right to control contractors). Consequently, the Court must determine whether Plaintiff provides sufficient evidence showing that the Government actually controlled and supervised Job Options's employees' daily operations, such that the Government may be held liable for Job Options's employees' allegedly negligent shelving of coconut oil jars at the Miramar Commissary.

**B. Jurisdictional Discovery Is Appropriate Because a More Satisfactory Showing of the Jurisdictional Facts Is Necessary to Determine the Court's Subject Matter Jurisdiction over Plaintiff's FTCA Claim.**

Because the outcome of the Government's motion to dismiss relies on the evidence presented by Plaintiff, the Court first addresses Plaintiff's request to conduct jurisdictional discovery.[2] (Opp'n at 4:21–4:24.) Specifically, Plaintiff requests the opportunity to conduct jurisdictional discovery by reviewing the QAEs' inspection records related to the incident and investigating the alleged relationship

---

[2] As an alternative to her request for jurisdictional discovery, Plaintiff asserts that the Court retains subject matter jurisdiction over her action because she has a direct premises liability claim against the Government. (Opp'n at 6:9–8:22.) In the event that the Court finds Plaintiff's Complaint does not establish jurisdiction, Plaintiff requests leave to file a First Amended Complaint that alleges this alternative theory. (*Id.* at 8:17–8:20.) Because the Court ultimately denies the Government's motion and grants Plaintiff's request for jurisdictional discovery on her original negligence claim, the Court does not address Plaintiff's arguments regarding her premises liability theory. If Plaintiff wishes to amend her Complaint to allege facts supporting this theory, she must do so in accordance with Federal Rule of Civil Procedure 15(a).

between the Government and Job Options.³ (*Id.*) Plaintiff supports her request on grounds that she was "blindsided" when the Government introduced to her the existence of its relationship with Job Options the night before the Government filed its motion to dismiss. (*Id.*) Plaintiff claims—and the Government does not contest—that she had no notice regarding the relationship between the Government and Job Options before the Government's motion to dismiss. (*See* Redcrow Decl. ¶¶ 2–5; *see generally* Reply.)

"A district court is vested with broad discretion to permit or deny discovery." *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "Discovery may appropriately be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). However, a request for discovery is properly denied where it is "based on little more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Accordingly, "[a]lthough a refusal to grant discovery to establish jurisdiction is [permissible] when 'it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,' discovery should be granted when . . . the jurisdictional facts are contested or more facts are needed.'" *Laub*, 342 F.3d at 1093 (quoting *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

"It is well-established that '[t]he burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought

---

³ Though Plaintiff requests jurisdictional discovery to review inspection reports, the Court cautions that the presence of inspections alone fails to establish the Government's actual control over Job Options's employees such that the independent contractor exception is abrogated. *See Letnes v. United States*, 820 F.2d 1517, 1519 (9th Cir. 1987) (noting that "[t]he [Supreme] Court has indicated that detailed regulations and inspections are no longer evidence of an employee relationship" (citing *Orleans*, 425 U.S. at 815; *Logue*, 412 U.S. at 529–30); *see also Rodriguez v. United States ex rel. Nellis Air Force Base*, No. 2:13-cv-00566-GMN-VCF, 2014 WL 5364111, *at 2 (D. Nev. Oct. 20, 2014) (finding commissary managers' protocol of "[i]nspecting the premises and notifying the parties who are responsible for cleaning up a dangerous condition [wa]s not equivalent to substantial supervision over the day-to-day operations").

exists." *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998) (quoting *Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995)). However, "[a] plaintiff who seeks jurisdictional discovery needn't first make a prima facie showing that jurisdiction actually exists." *NuboNau, Inc. v. NB Labs, Ltd.*, No. 10-cv-2631-LAB-BGS, 2011 WL 5237566, at *3 (S.D. Cal. Oct. 31, 2011). "Such a showing *is* necessary to survive a motion to dismiss, and '[i]t would . . . be counter intuitive to require a plaintiff, *prior* to conducting discovery, to meet the same burden that would be required in order to defeat a motion to dismiss.'" *Id.* (emphasis in original) (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D. Cal. 2001)).

In *Laub v. United States Department of the Interior*, the Ninth Circuit found the district court improperly denied jurisdictional discovery when the plaintiffs supported their request with documents suggesting their claim was "arguable." *See* 342 F.3d at 1092–93. There, the plaintiffs requested discovery after the Government's reply brief "asserted for the first time" that its land and water acquisitions were independent of a government water management program and not subject to an injunction. *See id.* at 1083, 1092–93. The Ninth Circuit found that "public documents offered by [the] [p]laintiffs suggest[ed] that there [wa]s at least an arguable claim that the federal government play[ed] a significant enough role in the [water management] program" to render the Government's actions subject to federal requirements. *Id.* at 1093. Though noting that the offered documents might "be insufficient in themselves to establish jurisdiction," the court found that allowing discovery "would create a 'reasonable probability' that the outcome of the factual motion to dismiss would be different." *Id.* Thus, the district court erred in denying jurisdictional discovery "[b]ecause additional discovery would be useful to establish federal subject matter jurisdiction, and because the extent of federal involvement in the challenged transactions [wa]s contested." *Id.*

Here, jurisdictional discovery is appropriate because more facts regarding the Government's *actual* control and supervision over Job Options's employees are

necessary to determine whether the Court has subject matter jurisdiction over Plaintiff's negligence claim under the FTCA. The parties only provide evidence establishing a contractual relationship between Job Options and the Government. (*See generally* Commissary Contract; Prince Decl.; PWS; Redcrow Decl.) This evidence gives the Court insufficient insight into whether the Government actually controlled and supervised Job Options's employees so as to render them de facto government employees on the date in question.[4]

However, similar to the plaintiffs' presentation of public documents in *Laub*, Plaintiff's presentation of the full PWS—though insufficient to establish jurisdiction on its own—suggests that the Government may have had some degree of actual supervision and control over Job Options's employees. *See* PWS § 1.1.2 (providing an onsite supervisor who is a representative of the Government "is responsible for overall commissary operations"); *see also Autery*, 424 F.3d at 957 ("Contractual provisions directing detailed performance generally do not abrogate the contractor exception."). Thus, the Court finds that Plaintiff's evidence shows at least an arguable FTCA claim "for damages resulting from torts committed by [Miramar Commissary] personnel employed by [the Government]," as alleged in Plaintiff's Complaint. (Compl. ¶ 1.)

Moreover, the Court finds that Plaintiff has not yet had a meaningful opportunity to develop evidence related to this jurisdictional issue. At this point in the proceedings, Plaintiff has not had the right to conduct discovery. *See* Fed. R. Civ. P. 16(c), 26(f). Further, the Government did not disclose its relationship with Job

---

[4] The Government provides the declaration of a DeCA Contracting Officer, who not only discusses the Commissary Contract, but also states that "[n]o federal employee provided substantial supervision over the physical performance and day-to-day operations of shelving groceries such as glass jars of coconut oil at the [Miramar] Commissary on September 22, 2014." (Prince Decl. ¶ 14.) The declaration adequately demonstrates that she has personal knowledge of DeCA's contract procedures. (*Id.* ¶¶ 1, 5–7.) It does not, however, establish that the Contracting Officer has personal knowledge of the events that took place at the Miramar Commissary on the date in question. (*See id.* ¶¶ 1–14.) The Officer's mere assertion that she does is inadequate. *See, e.g.*, *Boyd v. City of Oakland*, 458 F. Supp. 2d 1015, 1023 (N.D. Cal. 2006). Thus, her statement regarding the incident on September 22, 2014, is inadmissible. *See, e.g.*, *id.* at 1023–24.

Options when it generated its incident report or when it denied Plaintiff's administrative claim under the FTCA. (Redcrow Decl. ¶¶ 3–5.) Additionally, though the Court granted the parties' joint motion for an extension of time to file an opposition and reply (ECF Nos. 5, 6), this extension only afforded Plaintiff additional days, rather than months, to conduct an informal inquiry. *C.f. Sopcak v. N. Mountain Helicopter Serv.*, 52 F3d 817, 819 (9th Cir. 1995) (finding ruling on jurisdiction without allowing additional discovery was not an abuse of discretion when the plaintiffs failed to conduct discovery in the five months between raising the jurisdictional issue and the dismissal); *Berardinelli v. Castle & Cooke Inc.*, 587 F.2d 37, 38 (9th Cir. 1978) (finding the plaintiff's argument that he lacked the opportunity to develop jurisdictional evidence unconvincing when the plaintiff "made no effort to undertake discovery" in the seven months between filing the complaint and the hearing).

Given that Plaintiff has not yet had a meaningful opportunity to conduct jurisdictional discovery and because Plaintiff's evidence shows that more facts are needed regarding the Government's actual control over Job Option's employees, the Court finds that granting Plaintiff's request for jurisdictional discovery is appropriate. Thus, like other district courts reviewing motions to dismiss FTCA claims, the Court will deny without prejudice the Government's motion to dismiss to allow Plaintiff to conduct limited jurisdictional discovery on whether the Government actually exercised substantial supervision and control over Job Options's day-to-day operations and physical performance. *See, e.g.*, *Nino v. United States*, No. 12-cv-0469-WQH-BGS, 2015 WL 5032644, at *2 (S.D. Cal. Aug. 25, 2015) (denying a motion to dismiss an FTCA claim for lack of subject matter jurisdiction after "grant[ing] the parties ninety days of jurisdictional discovery in order to address factual issues relevant to jurisdiction in light of the foreign country exception to the FTCA"); *Guerrero v. United States*, No. CV-12-00370-TUC-RCC, 2012 WL 12842348, at *4 (D. Ariz. Dec. 19, 2012) (denying defendant's motion to dismiss

plaintiff's FTCA claim for lack of subject matter jurisdiction to allow plaintiff "limited . . . discovery on [a] specific jurisdictional issue").

IV. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Government's motion to dismiss Plaintiff's suit for lack of subject matter jurisdiction (ECF No. 4). The Court grants Plaintiff's request for jurisdictional discovery. Plaintiff shall have until **October 23, 2017**, to conduct discovery on the jurisdictional issues raised in the Government's motion to dismiss. Plaintiff's discovery shall be limited to the existence and extent of the Government's control over Job Options's employees' physical performance and supervision of their day-to-day operations and shall be "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1) (listing factors for determining proportionality). Any requests, joint motions, or disputes regarding the jurisdictional discovery will be submitted to the magistrate judge.

Once Plaintiff has had the opportunity to conduct limited jurisdictional discovery, the United States may renew its motion to dismiss, which must be filed no later than **November 6, 2017**. If the United States declines to renew its motion, it shall file an answer by this same date. *See* Fed. R. Civ. P. 12(a)(4) (providing the court may set a different time for the filing of a responsive pleading after a Rule 12 motion has been denied).

Finally, the Court **ORDERS** the Clerk of the Court to substitute the United States for the Secretary of the Navy as Defendant on the docket.

**IT IS SO ORDERED.**

DATED: July 31, 2017

Hon. Cynthia Bashant
United States District Judge